UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA D. TUCKER,
    Plaintiff,

vs.

DEPARTMENT OF VETERANS
AFFAIRS,
    Defendant.

Case No. 1:23-cv-804
Dlott, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion objecting "to the case review standards and separation of claims" (Doc. 25), defendant's response (Doc. 26), and plaintiff's reply. (Doc. 28). Plaintiff has also filed a document entitled "Plaintiff seek(s) clarification on facts, findings, recommendations and determinations under the standard of review determination decision," which Court construes as a motion for clarification. (Doc. 29).

**I. Background**

Plaintiff Pamela D. Tucker was employed by defendant Department of Veterans Affairs (VA) in Cincinnati, Ohio. Beginning in the spring of 2011, plaintiff complained that the air quality in her work environment had a harmful impact on her health due to mold and toxins. (Doc. 1, Exh. 6 at PAGEID 42-43). Plaintiff's work station was relocated pending an investigation. Once the agency concluded there was no evidence of mold or toxins, plaintiff was ordered to report back to her assigned work station or to supply a doctor's statement from a qualified physician outlining any work-related restrictions. The agency alleges plaintiff failed to report to work for five days in December 2012 and January 2013 or provide the necessary medication documentation. As a result, her employment was terminated on March 10, 2013, for "failing to follow instructions." (*Id*. at PAGEID 43).

Plaintiff appealed her removal to the Merit Systems Protection Board (MSPB).[1] Plaintiff challenged her removal for "failure to follow instructions" before the MSPB. As part of this challenge, plaintiff also raised affirmative defenses under 5 U.S.C. § 7702(a)(1) based on age discrimination,[2] retaliation for exercising her rights under Title VII, 42 U.S.C. § 2000e-16, disability discrimination for failure to accommodate and disparate treatment under the Rehabilitation Act, 29 U.S.C. § 701, and for violations of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8),[3] for making protected disclosures regarding mold and toxins in her work environment. (Doc. 1, Exh. 6 at PAGEID 48-65). The VA's decision to terminate plaintiff was upheld on initial review. (Doc. 1, Exh. 7 at PAGEID 79-80). This decision was subsequently vacated and remanded for a review of plaintiff's affirmative defenses. (Doc. 1, Exh. 6 at PAGEID 41-43). Upon remand, the VA's decision was again affirmed. (*Id.* at PAGEID 68). On December 12, 2022, the Board issued a final decision, which was unfavorable to plaintiff. (Doc. 1, Exh. 4). This order granted plaintiff the right to sue in federal district court. (*Id*. at PAGEID 32).

Plaintiff, acting without the assistance of counsel, filed this action against defendant seeking judicial review of the MSPB's final decision. (Doc. 1). Plaintiff challenges the MSPB's decision upholding her removal for failure to follow instructions, and she also brings claims for disability discrimination, harassment, and retaliation. (Doc. 1-1, PAGEID 6, 13, 14).

On February 9, 2024, the undersigned held a case management and scheduling

---

[1] Federal employees who suffer a serious adverse employment action, including removal from employment, are covered by the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq*., and are entitled to challenge the agency's action before the MSPB. *Kloeckner v. Solis,* 568 U.S. 41, 44 (2012) (citing 5 U.S.C.A. §§ 1204, 7512, 7701).

[2] Presumably her age discrimination defense was based on 29 U.S.C. § 621, *et seq*., as none of the MSPB decisions state the statutory authority for it. In any event, plaintiff does not allege an age discrimination claim in her complaint (Doc. 1) or statement of claims (Doc. 1, Exh. 1).

[3] Plaintiff has not included a claim based on her alleged whistleblower status in the present case.

2

conference in this case. The undersigned explained that based on her review of the law, this was a "mixed case," i.e., one involving an appeal of the MSPB's final decision upholding plaintiff's termination that also alleges the agency action was based on discrimination. As a result, plaintiff's MSPB appeal on the failure-to-follow-instructions removal decision would be limited to a review on the administrative record but her discrimination claims would be subject to de novo review. Thus, the Court's scheduling order included a deadline for discovery. Plaintiff objected to any additional discovery being taken in this matter, asserting that all of the relevant evidence was already included in the MSPB record. Plaintiff also objected to the separation of the discrimination and removal for failure to follow instructions claims and the application of different standards of review. The undersigned advised plaintiff that she was free to file a motion on those objections, and the instant motions followed.

**II. Plaintiff's motions**

Plaintiff's motion objecting "to the case review standards and separation of claims" alleges that her affirmative defenses are directly correlated to the agency claims of failure to follow instructions, "which Plaintiff claims is a pretext for discrimination." (Doc. 25 at PAGEID 238). Plaintiff contends that discovery is limited to the administrative record compiled during the MSPB's review process, and it is a waste of time and resources to move forward with discovery. She also argues that the standard of review is for "clear error" and "abuse of discretion," and that applying a de novo standard of review to her discrimination claims would materially prejudice her affirmative defenses. (*Id*. at PAGEID 240). Plaintiff also identifies some of the errors she alleges the MSPB made in reviewing her case and presents other factual

arguments about her case.[4]

Plaintiff has also filed a motion seeking "clarity as to why a written notice from the court was not received stating what standard of review the Plaintiff will be reviewed under prior to the scheduling conference." (Doc. 29). She asserts that the Court should have given her prior written notice of the standard of review issues discussed at the scheduling conference. Plaintiff alleges that while the separation of her claims was discussed at the conference, the undersigned failed to clarify whether her claims would be in fact separated and the factual reasoning for this decision.

Defendant asserts that this is a "mixed case" because plaintiff brought federal discrimination claims in the underlying MSPB case. As such, plaintiff's claims of discrimination under federal law are subject to traditional discovery under Fed. R. Civ. P. 26 and de novo review, including a trial if the case proceeds that far.

## III. Analysis

"Judicial review of an MSPB decision is generally in the Federal Circuit on the administrative record." *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) (citing 5 U.S.C. §§ 7703(b)(1), 7701(c)(1)–(3)). However, "where the employee also has claims under certain anti-discrimination laws, including Title VII, such cases proceed in district court, *id*. at § 7703(b)(2) (citing *id*. at § 7702), where the plaintiff is entitled to trial de novo of the facts regarding her discrimination claims." *Carrethers*, 698 F. App'x at 270-71 (citing 5 U.S.C. § 7703(c)).

The statutory framework for adverse employment actions taken against federal

---

[4] Plaintiff's arguments on the alleged errors committed by the MSPB are premature. The certified administrative record has not yet been filed in this case, and discovery under Fed. R. Civ. P. 26 has been stayed pending the resolution of plaintiff's motions. (Doc. 30).

employees "provides graduated procedural protections depending on an action's severity."

*Kloeckner*, 568 U.S. at 44. As the Supreme Court explained:

> If (but only if) the action is particularly serious—involving, for example, a removal from employment or a reduction in grade or pay—the affected employee has a right to appeal the agency's decision to the MSPB, an independent adjudicator of federal employment disputes. *See* §§ 1204, 7512, 7701. Such an appeal may merely allege that the agency had insufficient cause for taking the action under the CSRA; but the appeal may also or instead charge the agency with discrimination prohibited by another federal statute, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. *See* 5 U.S.C. § 7702(a)(1). *When an employee complains of a personnel action serious enough to appeal to the MSPB **and** alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a "mixed case."* See 29 CFR § 1614.302 (2012). The CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures to govern such a case—different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory. *See* 5 U.S.C. §§ 7702, 7703(b) (2) (2006 ed. and Supp. V); 5 CFR pt. 1201, subpt. E (2012); 29 CFR pt. 1614, subpt. C.

*Kloeckner*, 568 U.S. at 44 (emphasis added). *See also Perry v. Merit Systems Protection Board*, 582 U.S. 420, 422 (2017) (complaint that challenges serious adverse employment action and "attributes the action, in whole or part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws" is a "mixed case[]"); *Fuerst v. Sec'y of the Air Force*, 978 F.3d 369, 371 (6th Cir. 2020) ("To bring a mixed case, an employee must complain that she has been "affected by an action which [she] may appeal to the Merit Systems Protection Board" and "allege[ ] that a basis for the action was [unlawful] discrimination.") (citing 5 U.S.C. § 7702(a)(1); *see id*. § 7703(b)(2)).

This case is a "mixed case" under Supreme Court precedent. Plaintiff challenges the VA's decision to remove her from employment based on her alleged failure to follow instructions, which qualifies as "an action which [she] may appeal to the Merit Systems

5

Protection Board."[5]  5 U.S.C. §7512(1).  Plaintiff also alleges the adverse employment action was based on unlawful disability discrimination, retaliation, and harassment.  5 U.S.C. § 7702(a)(1)(B).  The two elements of a "mixed case" are satisfied.  Because this a "mixed case" under the law, the Court next examines the applicable standards of review.

In a mixed case such as this, there are distinct standards of review for the MSPB decision on the personnel action (the nondiscrimination portion) and the discrimination portions of the case.  The CSRA provides that in the nondiscriminatory portion of the case, the Court reviews the administrative record and sets aside any agency action found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. §§ 7703(c)(1)–(3).  *See Kirkland v. Runyon*, 876 F. Supp. 941, 944 (S.D. Ohio 1995).  *See also Carrethers v. Esper*, No. 3:16-cv-62, 2019 WL 2330894, at *5 (W.D. Ky. May 31, 2019), *aff'd sub nom. Carrethers v. McCarthy*, 817 F. App'x 88 (6th Cir. 2020).  The statute further provides that in the portion of the case that is based on allegations of discrimination, "the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court."  5 U.S.C. § 7703(c).  *See Carrethers*, 698 F. App'x at 270-71.  *See also Holmes v. Gen. Servs. Admin.*, 142 F.3d 434, 1998 WL 136580 at *1 (6th Cir. 1998) (unpublished) (in a "mixed" case, the "plaintiff is entitled to have the facts considered de novo in federal district court with respect to his allegations of discrimination").  In other words, "the Court need not defer to the MSPB, and must undertake, on a de novo basis and under § 7703(c), the disparate treatment analysis common to Title VII employment discrimination cases."

---

[5] The actions entitling an employee to appeal a case to the MSPB include "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough."  5 U.S.C. §7512.

*Kirkland*, 876 F. Supp. at 944 (citing *McGruder v. Frank*, 825 F. Supp. 1300, 1308-10 (S.D. Ohio 1992), *aff'd*, 995 F.2d 1067 (6th Cir. 1993)); *see also Boone v. Austin*, No. 5:22-cv-61, 2022 WL 3654744, at *3 (W.D. Ky. Aug. 24, 2022) (in "mixed" MSPB appeal, "when considering Plaintiff's claims of intentional discrimination based on circumstantial evidence, the Court turns to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). *Cf. Perry v. Simplicity Eng'g, Div. of Lukens Gen. Indus.*, 900 F.2d 963, 966 (6th Cir. 1990) (De novo review is one "without deference to the decision or any presumption of correctness, based on the record before the administrator.").

In sum, plaintiff's appeal of the failure-to-follow-directions decision of the MSPB is subject to judicial review under the standards set forth in 5 U.S.C. §§ 7703(c)(1)–(3) and is limited to review of the administrative record. Her discrimination claims are subject to de novo review, after discovery, motion practice, and, if warranted, trial.

The Court notes that plaintiff would be correct in her position if her case before the MSPB excluded any discrimination claims against the VA. In other words, had plaintiff challenged the VA's decision to terminate her based solely on the failure-to-follow-instructions (civil service) claim and had she simply defended herself by arguing, for example, the VA had insufficient cause for its action, her case would have been based only on nondiscriminatory grounds. As permitted by the CSRA, however, plaintiff defended against her termination also on federal discrimination grounds during the administrative process. *See Perry*, 582 U.S. at 424 (citing 5 U.S.C. § 7702(a)(1); *Kloeckner,* 568 U.S. at 44). Because plaintiff defended against her termination not only on the factual bases alleged by the VA but also based on her allegations of violations of federal antidiscrimination laws, plaintiff's case is a "mixed case" subject to two distinct standards of review. *See Perry*, 582 U.S. at 422 (citing *Kloeckner,* 568 U.S. at 46); *see*

7

*also* 29 CFR § 1614.302 (2012).⁶

The Court pauses to note that the process to review a mixed case is not meant to add a procedural burden or hurdle to plaintiff. The United States Supreme Court, in examining the review of "mixed cases," stated it was "mindful that review rights should be read not to protract proceedings, increase costs, and stymie employees, but to secure expeditious resolution of the claims employees present."⁷ *Perry*, 582 U.S. at 423 (citing *Elgin v. Department of Treasury*, 567 U.S. 1, 15, (2012)) (emphasizing need for "clear guidance about the proper forum for [an] employee's claims"). Thus, the procedure for judicial review of a mixed case, such as plaintiff's, is intended to assist federal employees seeking review of MSPB final decisions, not to impede their cases.

## IV. Conclusion

Plaintiff's case will proceed as two separate but related matters: (1) the portion of plaintiff's case appealing the MSPB decision upholding the VA's failure-to-follow-directions decision will move forward based on the administrative record developed in those proceedings and will follow the above-stated standard of review; and (2) the portion of plaintiff's case alleging violations of federal antidiscrimination laws will proceed on de novo review, including trial if necessary, and discovery will proceed under Fed. R. Civ. P. 26. *See Carrethers*, 2019 WL

---

⁶ Pursuant to 29 C.F.R. § 1614.302:
> A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race; color; religion; sex; national origin; age; disability; genetic information; or pregnancy, childbirth, or related medical conditions related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.

⁷ The United States Supreme Court was cognizant that many "[Civil Service Reform Act] claimants proceed *pro se*. *See* MSPB, Congressional Budget Justification FY 2017, p. 14 (2016) ('Generally, at least half or more of the appeals filed with the [MSPB] are from *pro se* appellants....')." *Perry*, 582 U.S. at 423, n. 1.

2330894, at *5.

To the extent plaintiff's motions argue that she is exempt from Rule 26 discovery and that her case should not proceed as two separate, but related cases, the Court will deny those portions of her motions. To the extent plaintiff's motions may be construed as seeking a determination on the merits of her claims or as raising specific errors in the MSPB's decision, the Court will her deny her motions without prejudice as they are premature. The Court will order the stay of its scheduling order to be lifted. (Doc. 30).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion objecting "to the case review standards and separation of claims" (Doc. 25) is **DENIED**. Plaintiff is not exempt from Fed. R. Civ. P. 26 disclosures and discovery.
2. To the extent plaintiff's motion seeks a ruling on the merits of her claims, it is **DENIED** without prejudice to refiling at the appropriate juncture.
3. For the reasons discussed in this Order, plaintiff's motion seeking "clarification" (Doc. 29) is **DENIED** as moot.
4. The Court's Order staying discovery (Doc. 30) is hereby **LIFTED**.

**IT IS SO ORDERED**.

Date: 5/28/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

9