UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA D. TUCKER,  
    Plaintiff,

vs.

DEPARTMENT OF VETERANS AFFAIRS,  
    Defendant.

Case No. 1:23-cv-804  
Dlott, J.  
Litkovitz, M.J.

ORDER

Pro se plaintiff Pamela Tucker initiated this action against defendant Department of Veterans Affairs (VA) seeking judicial review of an adverse decision of the Merit Systems Protection Board (MSPB) under the Civil Service Reform Act of 1978 (CSRA) and asserting claims of disability discrimination, harassment, and retaliation. (Doc. 1-1, PAGEID 6, 13, 14). This matter is before the court on plaintiff's motion for sanctions and change of venue (Doc. 38), and defendant's responsive memorandum. (Doc. 40).

1. **Background**

After plaintiff was terminated from her employment with the VA, she appealed her removal to the MSPB. The MSPB upheld the VA's decision terminating plaintiff's employment. Plaintiff then filed a complaint in this federal court challenging the MSPB's decision and asserting additional claims for disability discrimination, harassment, and retaliation. (Doc. 1). The complaint was initially filed in the Dayton location of Court and subsequently transferred to the Cincinnati location of Court by Magistrate Judge Gentry. (Doc. 19). Plaintiff did not file objections to the transfer order. *See* Fed. R. Civ. P. 72(b).

During a scheduling conference with the undersigned magistrate judge, the undersigned explained that this was a "mixed case," i.e., one involving an appeal of the MSPB's final decision upholding plaintiff's termination and also alleging separate claims of discrimination

under federal law that are subject to discovery under Fed. R. Civ. P. 26. Plaintiff disagreed that any additional discovery should be conducted in this matter, and she filed a "Motion Objection [To] Case Review Standards And Sep[a]ration Of Claims" arguing that she was exempt from Fed. R. Civ. P. 26 disclosures. (Doc. 25). The Court denied plaintiff's motion, finding plaintiff's claims represented a "mixed case" and ordering that "the portion of plaintiff's case alleging violations of federal antidiscrimination laws will proceed on de novo review, including trial if necessary, and discovery will proceed under Fed. R. Civ. P. 26." (Doc. 31 at PAGEID 309). Plaintiff did not file objections to the undersigned's order.

On August 1, 2024, defendant filed a certified copy of the MSPB record on the Court's docket. (Docs. 34, 36). On August 12, 2024, plaintiff filed a response alleging that the "Merit Systems Protection Board files are compromised and lack records in support of [p]laintiff's affirmative defense." (Doc. 37 at PAGEID 1905). Plaintiff now brings the present motion for sanctions and a change of venue. (Doc. 38).

**2. Motion for Sanctions**

As best the Court can discern, plaintiff seeks unspecified sanctions against defendant, defendant's counsel, and the undersigned based upon the alleged spoliation and incompleteness of the certified record. (Doc. 38 at PAGEID 1931). Plaintiff alleges, "Judge Litkovitz and [d]efendant spoiled the [j]udicial [r]eview files and allow[ed] the [c]ertification of the files to be under the authority of the [d]efendant (her client) and (his Agency)." (*Id.*). Defendant responds by pointing out that the records to which the plaintiff refers "are not missing from the MSPB certified record filed with the Court." (Doc. 40 at PAGEID 2153). Defendant further states that defendant's counsel directed plaintiff to the location of the alleged missing documents. (*Id.*)

2

"Plaintiff bears the burden of proof on spoliation." *Watson v. Ohio Ambulance Sols., LLC*, No. 1:20-cv-802, 2022 WL 2133739, at *4 (S.D. Ohio June 14, 2022) (citing *Yoe v. Crescent Sock Co.*, No. 1:15-cv-3, 2017 WL 5479932, at *9 (E.D. Tenn. Nov. 14, 2017). Plaintiff points to three records she asserts are missing from the certified record: MSPB's Order to Show Cause dated August 18, 2016 (Doc. 40 at PAGEID 1908); defendant's Response to the Order to Show Cause dated September 19, 2016 (*Id.* at PAGEID 1912-1921); and plaintiff's Response to the Order to Show Cause dated September 27, 2016. (*Id.* at PAGEID 1922-28). On August 14, 2024, counsel for defendant sent the following email to plaintiff stating, "The documents you list as missing in your filing from August 12, 2024 (ECF No. 37) are in the certified record. They are at ECF No. 34-5, PAGEID## 1535, 1543, 1548, and 1556. I will call you at 1:30pm today to see if there is more to discuss." (Doc. 40-3 at PAGEID 2181). Review of the certified record confirms that the documents plaintiff references are present. (*See* Doc. 34-5 at PAGEID 1535-38 (MSPB's Order to Show Cause), 1548-54, 1556-61).[1] Therefore, the Court declines to impose sanctions based on the alleged spoliation or incompleteness of the certified record. Plaintiff's motion for sanctions on this basis is **DENIED.**

Further, to the extent plaintiff's motion asserts that the certified record is incomplete because it does not contain copies of motions or documents filed prior to the case being transferred to the Cincinnati seat of Court that argument is without merit. All of the documents,

---

[1] Plaintiff cites to "Doc. 32" filed "August 1, 2024" as the docket reference for the certified record. (Doc. 37 at PAGEID 1905). However, the certified record is actually Doc. 34 on this Court's docket. Further, plaintiff's claim that the certified record is incomplete may be due in part to confusion about which docket entry contains the entire record. Initially, the court clerk sent notice of non-compliance with S.D. Ohio Civ. R. 5.1(c) to defendant requiring defendant to refile portions of the certified record (Doc. 34) as a text searchable document. However, the court clerk rescinded the notice on August 5, 2024, when it was discovered that Doc. 34 was text searchable. On August 5, 2024, defendant refiled part of the certified record, seemingly in an attempt to comply with the clerk's notice and served a copy on plaintiff via electronic mail. (Doc. 36). Plaintiff filed the present motion claiming the certified record is spoiled or incomplete on August 12, 2024. (Doc. 37). Further, any references to the certified record in this order cite to Doc. 34.

motion and orders from *Tucker v. Department of Veterans Affairs*, No. 3:23-cv-9 (S.D. Ohio), were transferred to and appear on the docket of *Tucker v. Department of Veterans Affairs*, No. 1:23-cv-804 (S.D. of Ohio), the instant case. Therefore, this Court has access to all of the documents previously filed in the Dayton case and plaintiff may cite to any of those documents as needed.

Next, plaintiff requests that "the court impose respectfully a penalty upon Judge Litkovitz" for an alleged error in the May 28, 2024 Order finding that because the action is a "mixed case" plaintiff is subject to Fed. R. Civ. P. 26 disclosures. (Doc. 38 at PAGEID 1931, 1936, referencing Doc. 31 at PAGEID 309). Plaintiff does not specify what "penalty" she is seeking. (Doc. 38). Plaintiff reiterates the same arguments she made in prior filings claiming that the Court erred in finding this action represents a "mixed case" and that she should not be subject to discovery. (Doc. 38 at PAGEID 1931; *see also* Doc. 25). Defendant argues that plaintiff's "arguments have been fully heard by the Court and rejected . . . [and] plaintiff's dissatisfaction with the result does not entitle her to the requested relief of disqualification." (Doc. 40 at PAGEID 2155, citing Docs. 25, 26, 28, 31).

The proper way for a party to seek correction of an alleged error in a federal magistrate judge's ruling is to file a timely objection. Under Rule 72, parties may file specific written objections to the orders or proposed findings and recommendations of a federal magistrate judge within fourteen days of being served with a copy. Fed. R. Civ. P. 72(a), (b)(2); *see also* 28 U.S.C. § 636; *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 484 (6th Cir. 2008) (finding plaintiff waived her right to assign error when she failed to object to the magistrate judge's order denying plaintiff's motion to amend complaint). Here, plaintiff failed to file any objections to

4

the undersigned's Order and has therefore waived her right to assign error. Accordingly, plaintiff's motion for sanctions on this basis is **DENIED.**

   3. **Plaintiff's Motion for Change of Venue to the Dayton Location of Court**

Plaintiff's motion seeking a "change of venue back to the District of Dayton" asserts plaintiff "cannot receive a fair[] adjudication [j]udicial [r]eview under this jurisdiction." (Doc 38 at PAGEID 1934). Plaintiff does not address any of the factors the Court must consider under 28 U.S.C. § 1404(a) for a change of venue relating to "convenience and fairness." (*See* Magistrate Judge Gentry's Order transferring venue to the Cincinnati location of Court, Doc. 19 at PAGEID 229, citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) and *Means v. U.S. Conf. of Catholic Bishops*, 836 F.3d 643 (6th Cir. 2016)). Instead, plaintiff appears to argue that the district court judge in Dayton would have ruled in her favor on the motions discussed *supra*. (Doc. 38 at PAGEID 1934). Defendant responds by arguing that plaintiff's motion is unsupported, and plaintiff seeks transfer solely because she is dissatisfied with the Court's unfavorable rulings. (Doc. 40 at PAGEID 2155).

As discussed above, the proper way for a party to seek correction of an alleged error in a federal magistrate judge's ruling is to file a timely objection. Fed. R. Civ. P. 72. Plaintiff failed to object to Magistrate Judge Gentry's order transferring this action to the Cincinnati seat of Court (Doc. 19), and therefore, plaintiff has waived her right to assign error to that order. Fed. R. Civ. P. 72(a). Accordingly, plaintiff's motion for change of venue is **DENIED**.

For the foregoing reasons, plaintiff's motion for sanctions and change of venue (Doc. 38)

is **DENIED**.

    **IT IS SO ORDERED**.

Date: 2/10/2025

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge